## Taxation of Department of Public Assistance

RUTHERFORD, Deputy Attorney General, February 15, 1940.—This department is in receipt of your communication of December 11, 1939, requesting our advice as to imposition of certain taxes in view of the rule laid down in the case of Tax on Public Assistance Bonds, 35 D. & C. 499, to the effect that the sovereign cannot be taxed unless it is definitely and expressly included in the taxing statute.

You state that the Department of Public Assistance is being billed for the State tax of 50 cents by the prothonotary when it enters an amicable action, brings suit in assumpsit, or issues attachment execution, and by the recorder of deeds when it records the assignment of mortgage to it by an assistance beneficiary.

These taxes are imposed by virtue of the Act of April 6, 1830, P. L. 272, sec. 3, 72 PS §3172, concerning prothonotaries, as follows:

"That the prothonotaries of the courts of common pleas and of the district courts, and the prothonotary of the

supreme court having original jurisdiction, and the court of nisi prius of this commonwealth, shall demand and receive on every original writ issued out of said courts, (except the writ of habeas corpus,) and on the entry of every amicable action, the sum of fifty cents; on every writ of certiorari issued to remove the proceedings of a justice or justices of the peace or aldermen, the sum of fifty cents; on every entry of a judgment by confession or otherwise, where suit has not been previously commenced, the sum of fifty cents; and on every transcript of a judgment of a justice of the peace or alderman, the sum of twenty-five cents."

Section 4 of the Act of 1830, supra, 72 PS §3173, concerning recorders of deeds, provides as follows:

"That the several recorders of deeds shall demand and receive for every deed, and for every mortgage or other instrument in writing offered to be recorded, fifty cents."

The rule contained in the case of Tax on Public Assistance Bonds, supra, is applicable to the above situations of entering amicable action, bringing suit in assumpsit, or issuing attachment execution, and recording assignment of mortgages to the Department of Public Assistance by an assistance beneficiary. The legal principle therein cited, that the sovereign cannot be taxed unless it is definitely so stated and included in the statute imposing the tax, governs. There is nothing in the Act of April 6, 1830, supra, which expressly or impliedly imposes the State tax of 50 cents on the sovereign.

You further inquire whether the Department of Public Assistance should continue to pay registers of wills the $1 tax provided by the Register of Wills Act of June 7, 1917, P. L. 415, sec. 24, as amended by the Act of April 6, 1921, P. L. 94, sec. 1, 20 PS §2023, whenever it secures the appointment of one of its claim settlement agents as the administrator of a decedent's estate against which it has a claim.

The Register of Wills Act of 1917, as amended, supra, provides as follows:

"On the probate of any will and the granting of letters testamentary thereon, also on the granting of any letters of administration, every register shall demand and receive, for the use of the Commonwealth, in each case, the sum of one dollar."

You refer to instances where your department secures the appointment of one of its claim settlement agents as administrator of a decedent's estate against which it has a claim. We have already advised you that it is not good practice to appoint claim settlement agents as administrators, since they are employes of the Commonwealth of Pennsylvania. If a claim settlement agent of the Department of Public Assistance of the Commonwealth of Pennsylvania, contrary to our advice, should act as administrator, since he is not acting individually but for the Commonwealth, the register of wills cannot collect the tax of $1, in accordance with the broad legal principle that the sovereign cannot be taxed unless the sovereign is definitely and expressly included in the taxing statute.

However, since you have already been advised that the department must refrain from having its employes act as fiduciaries, the question of tax is eliminated, since the private individual designated for appointment will advance the tax and be reimbursed from the assets of the estate.

In view of the foregoing, we are of opinion, and you are, therefore, advised that the tax of 50 cents, imposed by the Act of April 6, 1830, P. L. 272, sec. 3, should not be collected by the prothonotary when your department enters an amicable action, brings suit in assumpsit, issues attachment execution, or records an assignment of mortgage or other document. The tax of $1, payable to the register of wills under the Register of Wills Act of June 7, 1917, P. L. 415, sec. 24, as amended, cannot be collected from the Commonwealth, in accordance with the broad legal principle that the sovereign cannot be taxed unless expressly included in the taxing statute. However, as formerly advised, a claim settlement agent, or other

employe of the Commonwealth, should not act as administrator or other fiduciary, but a private individual should be designated. When a private individual is thus designated to act as administrator, the tax of $1 will be collected by the register of wills, and paid as one of the administration costs against the estate. This tax and other administration costs, including accountants' commissions, are first paid out of the assets in the estate in the hands of the administrator before creditors are paid or distribution of funds made.